UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-162-RJC

| | |
|---|---|
| JEANNE O. VANHOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney's Fees, (Doc. 14). In the motion, Plaintiff contends that she is entitled to attorney's fees in the amount of $5,946.57 under 28 U.S.C. § 2412(d), which provides for an award of attorney's fees in certain cases where a party prevails against the United States in a federal proceeding. Counsel for Plaintiff has submitted an accounting reflecting the fees associated with this case. The Defendant consents to the award of such fees.

On February 12, 2014, this Court granted Defendant's motion to remand to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g). (Docs. 11, 12). As a result of the remand, the Plaintiff is the prevailing party and moves the Court for Attorney's fees and costs. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Where the position of the Government is not "substantially justified" in both law and fact, the prevailing party can bring a motion for Attorney's fees and costs. Pierce v. Underwood, 487 U.S. 552, 565 (1988).

The Court has reviewed the briefs and finds that the Plaintiff has established that she is entitled to attorney's fees under 28 U.S.C. § 2412(d). For the reasons outlined in Plaintiff's

brief, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees (Doc. 14).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Attorney's Fees, (Doc. No. 14), is **GRANTED.** Plaintiff shall be awarded Attorney's Fees in the amount of $5,946.57, to be paid by the Defendant agency (Social Security Administration) in accordance with the terms of the Settlement Agreement (Doc. 14: Settlement Agreement) signed by the parties, which notes that such award is subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. ~~Astrue v. Ratliff~~, 130 S. Ct. 2251 (2010).

Signed: June 13, 2014

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge